# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1303

SUNRISE PROPERTIES, INC.

VERSUS

LONG'S PREFERRED PRODUCTS, INC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 05-C-0223-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Reginald J. Ringuet**
**William H. Collier**
**Ringuet, Daniels & Collier**
**P. O. Box 52647**
**Lafayette, LA 70505**
**(337) 232-0002**
**Counsel for Plaintiff/Appellee:**
        **Sunrise Properties, Inc.**

**Richard E. Lee**
**Attorney at Law**
**810 Main Street**
**Pineville, LA 71360**
**(318) 448-1391**
**Counsel for Defendant/Appellant:**
        **Long's Preferred Products, Inc.**

**DECUIR, Judge.**

Lessee appeals a grant of summary judgment in favor of lessor ordering payment of unpaid rentals, interest and attorney fees.

## FACTS

In April 2000, Long's Preferred Products, Inc. entered into a lease agreement with Sunrise Properties, Inc. for a building in Grand Coteau, Louisiana. The lease provided for a term of three years, and a monthly rental of $3,166.67. The lease further provided that if Long's remained on the premises after the expiration of the term, the tenancy would be month to month at double the monthly rental.

Long's remained through the end of the lease term. Effective April 1, 2003, Long's employee, Otis Young, signed a lease amendment providing for a one-year extension of the lease at the same rent. The lease amendment also provided for automatic renewal for one year unless either party gave written notice sixty days before expiration of the extended term. Long's remained on the premises through the end of the extended term on March 31, 2004 and after the automatic extension until June of 2004. Long's refused to pay rentals for the remainder of the automatically extended term.

Sunrise filed suit seeking unpaid rentals for the period July 1, 2004 through March 31, 2005. In its answer, Long's repudiated the lease amendment on the grounds that Otis Young was not authorized to act on behalf of the corporation. Sunrise then amended its petition to enforce the provisions of the original lease which provided for double rental on a month-to-month basis. Sunrise sought unpaid rentals of $3,166.67 for the fifteen months Long's remained on the premises after the expiration of the original lease. Sunrise also filed a motion for summary judgment which was granted by the trial court. Long's lodged this appeal.

**DISCUSSION**

Long's contends on appeal the trial court erred in granting Sunrise's motion for summary judgment. Specifically, Long's argues that the court erred in finding that there were no genuine issues of material fact in dispute when Long's filed an affidavit from Otis Young asserting that he had entered into a verbal lease agreement to extend the lease on a month-to-month basis at $3,166.67.

Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-0066 (La. 7/6/04), 880 So.2d 1.

We find no merit to this assignment. In its answer, Long's repudiates the written lease amendment based on Young's lack of authority to act for the corporation. Long's then has the temerity to allege to this court that the summary judgment should not have been granted because of an alleged verbal contract to extend the lease entered into by Young. In other words, Long's argues that Young did not have authority to enter the written lease amendment but did have authority to enter a verbal lease amendment. We cannot give credence to such an argument. The trial court's grant of summary judgment was proper.

Long's next contends that Sunrise is equitably estopped from collecting unpaid rentals because it accepted the reduced rent under the lease amendment that Long's repudiated. Estoppel, which has been described in the jurisprudence as a rarely applied equitable doctrine of "last resort," is not favored in Louisiana law. *Morris v. Friedman*, 94-2808, p. 9 (La. 11/27/95), 663 So.2d 19, 25. One who seeks to avail himself of the doctrine must establish his right to do so with unusual clearness. *Kibbe*

*v. Lege*, 604 So.2d 1366, 1370 (La.App. 3 Cir.), *writs denied*, 606 So.2d 540, 541 (La.1992). In the present case, not only does Long's fail to clearly establish its right, but is arguably equitably estopped from raising the issue by its conduct in availing itself of the benefits of the lease amendment and then repudiating it. This assignment has no merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Long's Preferred Products, Inc.

**AFFIRMED.**